UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In Re: Search Warrants | ) | No.   26-mj-205-JFD |
| | ) | 26-mj-206-JFD |
| | ) | 26-mj-207-JFD |
| | ) | 26-mj-208-JFD |
| | ) | 26-mj-209-JFD |
| | ) | |
| | ) | **GOVERNMENT'S RESPONSE** |
| | ) | **TO COURT'S ORDER TO** |
| | ) | **SHOW CAUSE RE. NEED FOR** |
| | ) | **CONTINUED SEALING** |
| | ) | |
| | ) | **[UNDER SEAL]** |
| | ) | |

In response to the Court's order on May 1, 2026 (Doc. 6 in Case No. 26-mj-205-JFD), the United States has no objection to the unsealing of the cases regarding various search warrants requested in applications that the Court assigned Case Numbers: 26-mj-205, 26-mj-206, 26-mj-207, 26-mj-208, and 26-mj-209, with the understanding that redactions of personal identifiable information (PII) may be needed prior to disclosure.

It appears the PII would be limited (*e.g.*, cellular telephone numbers). Upon request, the Government is willing to scrutinize the applications and make appropriate redactions as needed. Otherwise, the Government will defer to the Court's judgment as to whether and what redactions re needed.

With respect to the warrant applications for certain YouTube accounts, the Court notes that its order of March 6, 2026 raised certain issues relating

1

to the Privacy Protection Act of 1980 ("PPA"), 42 U.S.C. §§ 2000aa.  Those

applications were rendered moot when the Government opted to withdraw

them.  Other options were available (as the Court suggested), the subject

data was of limited value, and, in retrospect, the list of items to be seized did

warrant some tailoring.

Nonetheless, the Government did consider the PPA issues flagged by

the Court and note the following for the record.  First, the recent decision out

of the Eastern District of Virginia in *The Matter of the Search of Real

Property and Premises of Hannah Natanson ("Natanson")*, 2026 WL 510727

(E.D. Va., Feb. 24, 2026), which the Court's order references, is contrary to

Eighth Circuit precedent to the extent it suggests that the Government has a

duty to address the applicability of the PPA in any search warrant

application.  In 1996, the Eighth Circuit held that

> Because **the Privacy Protection Act does not
> require an application for a search warrant to
> describe any exceptions to the Act**, the district
> court erred in imposing such requirements on the
> defendants in this case.

*See Citicasters, Inc. v. McCaskill*, 89 F.3d 1350, 1356 (8th Cir. 1996)

(emphasis added) (reversing district court for wrongly holding that

2

defendants in a PPA case could invoke exceptions to the PPA only if those exceptions were cited in the affidavit for the subject search warrant).

Second, although the affidavits did not cite to the PPA (and did not need to do so, *see supra*), they provided a description of the defendants' participation in the charged offense conduct and their use of YouTube accounts to post the videos that were clearly sufficient to enable the Court's independent consideration of whether the PPA had any potential applicability.  (For the reasons noted below, the PPA clearly had no application.)

Third, in contrast to the *Natanson* case, an exception to the PPA's provisions — namely, the "suspect exception" — is clearly applicable here in the Government's view and is plainly supported by facts in the subject warrant applications.  As the Court's order acknowledged (*see* Order at 5), the PPA's provisions do not apply when there is "probable cause to believe that the person possessing such materials has committed or is committing the criminal offense to which the materials relate."  *See* 42 U.S.C. § 2000aa(a)(1), (b)(1).  In this case, the supporting affidavits plainly state that each of the subject defendants (Don Lemon, Georgia Fort, and William Kelly) were indicted on or about January 29, 2026, for the offense conduct that occurred inside Cities Church on January 18, 2026, and the statements of probable

3

cause all clearly showed that the requested search warrants related to the charged offense conduct.

Thus, the Government had "probable cause to believe that the person possessing such materials has committed . . . the criminal offense to which the materials relate." *See* 42 U.S.C. § 2000aa(a)(1), (b)(1). Indeed, that was not just a "belief"; we had an indictment establishing probable cause at the time we sought the warrants. The Court raised a question about whether the subject defendants (as opposed to YouTube) were the "person(s)" who "possessed" the information for purposes of the "suspect exception." The Government submits that the accountholder-defendants are in "possess[ion]" of the materials on their YouTube accounts, and any suggestion that YouTube is the relevant "person" here misapplies the PPA and would

//

//

//

//

//

//

//

//

//

4

improperly thwart the intent of Congress when it placed the "suspect exception" into the PPA.

DATED:  May 15, 2026.

DANIEL N. ROSEN
United States Attorney

FLAVIO DE ABREU
JOHN R. ARBOLEDA
Special Assistant United States
Attorneys

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General


 */s/ Robert J. Keenan*
ROBERT J. KEENAN
  Civil Rights Division
  U.S. Department of Justice
  950 Pennsylvania Ave. NW
  Washington, DC 20530
  Telephone: (202) 230-2216
  E-Mail: robert.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA